# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

SHAWN ANTONIO DAY and
DESHAWNA DAY,

Case No. 07-13016-RGM
(Chapter 13)

    Debtor.

## MEMORANDUM OPINION

THIS CASE is before the court on the chapter 13 trustee's objection to the late filed proof

of claim of the Internal Revenue Service.  The Internal Revenue Service opposes the trustee's

objection.   It asserts, without contradiction, that it was not scheduled as a creditor and did not

receive proper notice in time to file a timely proof of claim.  It concedes that it did not file a timely

proof of claim but argues that the bar date should be tolled because it did not receive proper timely

notice of the petition and the bar date. *Young v. United States*,  535 U.S. 43, 122 S.Ct. 1036, 152

L.Ed.2d 79 (2002).

The Bankruptcy Code and Federal Rules of Bankruptcy Procedure are explicit on the

treatment of tardily filed proofs of claims.  In a chapter 7 case, a priority proof of claim, such as the

Internal Revenue Service's claim in the case, is timely filed until the earlier of 10 days after the

chapter 7 trustee's summary of his final report is mailed to creditors or the date on which the

chapter 7 trustee commences his final distribution.  11 U.S.C. §726(a)(1).  A tardily filed chapter

7 proof of claim is paid along with timely filed proofs of claims if the creditor holding the claim did

not have notice or actual knowledge of the case in time to timely file a proof of claim and the claim

is filed in time to permit payment of the claim.  11 U.S.C. §726(a)(2)(C).  All other tardily filed

1

proofs of claims are paid after timely filed proofs of claims are paid but before claims for fines and penalties to the extent that the fine or penalty is not in compensation for actual pecuniary losses. 11 U.S.C. §726(a)(3).

In chapter 11, a creditor holding a tardily filed proof of claim may be granted an extension of time within which to file a proof of claim upon showing excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d. 74 (1993); *see also* Fed.R.Bankr.P. 3003(c)(3).

Chapter 13 presents yet a third scheme for tardily filed proofs of claims. Tardily filed proofs of claims are not generally allowed. *In re Nwonwu,* 362 B.R. 705 (Bankr.E.D.Va.2007); Fed.R.Bankr.P. 3002(c) and 9006(b)(3). Rule 3002(c) sets the bar date for filing proofs of claims in chapter 13 cases. Rule 9006(b)(3) governs extensions of time within which to file proofs of claims. Rule 9006(c)(3) expressly permits extensions of time under Rule 3002(c) but only to the extent and under the conditions stated in Rule 3002(c). There are only six circumstances in which an extension may be granted. None address the circumstances in this case. Rule 3002(c)(1), one of the six circumstances, specifically speaks to priority tax claims. It provides an extended bar date for tax claims and a special provision for tax returns filed under 11 U.S.C. §1308. It concludes by expressly permitting extensions of time for governmental claims upon a showing of cause, however, the motion must be made before the expiration of the period for filing a timely proof of claim. By expressly addressing some circumstances involving tax claims, the provision should be construed to exclude those not addressed. The Code and Rules applicable to chapter 13 expressly address governmental proofs of claims but nowhere allow an extension in the circumstances presented by this case.

2

The Internal Revenue Service argues that the bar date was tolled when it did not receive proper notice of the bar date. This, it argues, is in accordance with *Young*, 535 U.S. at 50-51, 122 S.Ct. at 1041-1042. Certain tax claims have priority under §507(a)(8). The priority extends to taxes that were due within three years prior to the filing of the petition in bankruptcy. In *Young*, the debtor filed a chapter 13 case. The tax claim was a priority claim in the chapter 13 case because the three-year period had not expired. The debtor voluntarily dismissed his chapter 13 case. He immediately filed a chapter 7 case. By the time the chapter 7 case was filed, the tax claim was more than three years old and on its face was not entitled to priority. The Supreme Court held that the three-year priority period was a period of limitation and could be equitably tolled. It tolled the three-year period during the period the chapter 13 case was pending. This prevented an abuse of the bankruptcy system: the conversion of an otherwise priority tax claim which must be paid in full in a chapter 13 case and is not discharged in a chapter 7 case into a non-priority tax claim which is discharged in a chapter 7 case.

At first blush, there appears to be a certain tension between *Pioneer* and *Young. Pioneer* permitted an extension of the bar date in a chapter 11 case. It relied on the interpretation of the Federal Rules of Bankruptcy Procedure relating to extensions of time. There was no discussion of equitably tolling the bar date. *Young* tolled the three-year period in 11 U.S.C. §507(a)(8). It applied the doctrine of equitable tolling to 11 U.S.C. §507(a)(8) which distinguishes priority tax claims from non-priority tax claims. Both are ostensibly extensions of time but neither discusses the alternative approach. *Pioneer* derives from and is bound by the Bankruptcy Code and the Bankruptcy Rules. *Young* derives from equitable principles outside the Bankruptcy Code. If *Young* were applicable to

motions to extend time, it would essentially supercede *Pioneer* and the carefully drawn statute and rules relating to bar dates.

There are weaknesses with the IRS' argument. The court cannot discern a principled manner to apply equitable tolling of established bar dates to only priority claims or to only chapter 13 cases. If equitable tolling were available, it would seemingly apply to all creditors – both priority and general unsecured – and to all chapters, notwithstanding express provisions for tardily filed proofs of claims in chapter 7 and 11. *In re Mozingo,* 2009 WL 703206 (Bankr.E.D.N.C. 2009); *In re Latimer,* 2008 WL 5102868 (Bankr.D.C. 2008). *Young*, however, addressed only the three-year period during which certain tax claims have priority status not bar dates. The IRS' argument is not susceptible to limitation to only the three-year priority period, but must also apply to all general unsecured claims. The IRS' argument also eliminates the carefully drawn treatment of tardily filed claims in all chapters for unlisted creditors or creditors who do not receive proper notice of the bar date. Neither *Pioneer* nor *Young* does this. The statutory scheme does not suggest this result. For example, unscheduled creditors in chapter 7 who do not receive actual notice are not discharged. Their claims survive bankruptcy. *In re Latimer,* 2008 WL 5102868 (Bankr.D.C. 2008).

The IRS' argument silently assumes that equitable tolling would be applicable in this and all similar cases. However, equitable tolling is an equitable remedy. It requires a consideration of the equities. If it were applied to unscheduled creditors or creditors who did not receive proper notice of the bar date in chapter 13 cases, all creditors in a chapter 13 case would be affected. Chapter 13 cases would be subject to additional claims at any time and the success of confirmed plans which other creditors have relied on would be placed in jeopardy. The Bankruptcy Rules endeavor to resolve these conflicts. A party is not generally entitled to an equitable remedy when

4

the party has an adequate remedy at law. Here, the rules relating to tardily filed proofs of claim are extensive and crafted with an eye to the chapter under which the case is pending. In *Young,* there was no legal remedy for the abuse the debtor sought to achieve.

In order to give effect to both *Pioneer* and *Young* and to the carefully drawn Bankruptcy Rules, equitable tolling should not extend to bar dates in these circumstances.

This does not mean that the IRS and other creditors without notice of a filing or of the bar date are without a remedy in chapter 13. It is axiomatic that creditors' rights cannot be affected unless they have notice of the filing of the petition and time to file a timely proof of claim. This is a matter of due process. *Mullane v. Central Hanover Bank & Trust Co. et al.*, 339 U.S. 306, 70 S. Ct. 652, 94. L. Ed. 865 (1950); *See also In re National Spa & Pool Institute,* 257 B.R. 784 (Bankr.E.D.Va. 2001). The question is what remedy, other than equitable tolling, is appropriate in the particular circumstances.

It may be that there are sufficient unfiled claims that all creditors who filed proofs of claims, including the unscheduled creditor, would be paid in full. In this instance, no purpose would be served by objecting to the tardily filed proof of claim. *In re Nwonwu,* 362 B.R. at 710.

An unscheduled creditor may be granted relief from the stay. This may  affect the ability of the debtor to complete a chapter 13 plan. It may cause the plan to fail. Both are considerations, but should be evaluated in relation to the creditor body as a whole and the debtor's knowledge of the omission.

The debtor's culpability in omitting a creditor is a factor. If the omission was a knowing omission, the plan may not have been filed in good faith. *See* 11 U.S.C. §1325(a)(3). If there was bad faith, the court may dismiss the case or may vacate the order of confirmation. The debtor cannot

complain that he is sent back to the starting post when it was his conduct that causes the case to be dismissed or confirmation of the plan to be revoked. This remedy is not automatic, though. The court should consider the rights of other creditors. It may be in the best interests of the creditor body to allow the plan to go to completion. In these circumstances, the unscheduled creditor's debt would survive a discharge. The court should balance the prejudice to the unscheduled creditor with the benefits to the general creditor body. The prejudice to the unscheduled creditor may be delay while the plan continues to completion. There may be a realistic apprehension that there will be no assets from which the unscheduled creditor may be paid after a discharge is granted.

The calculus is different if the debtor unknowingly omits a creditor. There, the court would consider the extent to which the debtor should have recognized the obligation or known of its omission. In many instances, the debtor should have recognized the omission. In a few instances, debtors do not recognize a creditor. This may arise, for example, where the debtor is a guarantor of a debt, another party guarantees the debtor's obligation, or where the debtor is a co-maker by a debt, particularly if the other party is making the payment. Despite the best explanation by counsel, debtors may still forget that a parent, spouse,  or friend co-signed a car loan or guaranteed a residential lease. Similar remedies are available in the unknowing situation where a debtor unknowingly omits scheduling a creditor as where a debtor knowingly omits a creditor. The weight to be given to the appropriate remedy is affected by the debtor's culpability.

An other remedy is not to object to the proof of claim. A proof of claim is allowed unless a party in interest objects and the objection is sustained. If no objection is made to a claim, even if the claim is improper on its face, it is allowed and is paid by the chapter 13 trustee. Fed.R.Bankr.P. 3001(f). Creditors are not obligated to object to other creditors' proofs of claims and may elect not

to do so. *Nwonwu,* 362 B.R. at 710.  A trustee has some discretion not to object to a proof of claim where filing an objection would itself create an injustice or where no purpose would be served by objecting to the claim. *Nwonwu*, 362 B.R. at 710.  The court agrees with the chapter 13 trustee that in this case it is appropriate for the chapter 13 trustee to exercise his discretion and not object to the proof of claim.  In light of the trustee's statements at the hearing,  the chapter 13 trustee's objection to the proof of claim will be deemed withdrawn.

Alexandria, Virginia
September 30, 2009

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Thomas P. Gorman
Robert Coulter

Copy mailed to:

Shawn Antonio Day
Deshawna Day
9 Green Bell Lane
Stafford, Virginia 22554

All creditors and parties in interest

15471